UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ZEBULUN L. MCCRIMAGER,

    Plaintiff,

v.   Case No. 4:18-cv-179-WS/MJF

BRODERIC ROBERSON and NICHOLAS JONES,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the court on Plaintiff's motion to dismiss Defendant Nicholas Jones from this civil action. (Doc. 63). In support of his motion, Plaintiff states that he does not wish to proceed with his claim against Defendant Jones because Jones has not been served yet and Plaintiff does not wish to prolong the case.

**I.   Background**

Plaintiff's third amended complaint named two Defendants: Defendant Roberson and Defendant Jones. Defendant Roberson was successfully served and filed an answer. The undersigned issued a case management order directing discovery to be completed by July 31, 2019. (Doc. 46). Despite several attempts

from the United States Marshals Service to serve Defendant Jones, service on Jones was never accomplished.

## II.     Discussion

Although Plaintiff's motion appears to be a request to voluntarily dismiss the claim against Defendant Nicholas Jones under Rule 41(a) of the Federal Rules of Civil Procedure, the Eleventh Circuit has held that Rule 41 does not authorize the dismissal of merely a single party. *Perry v. Schumacher Group of Louisiana*, 891 F.3d 954, 958 (11th Cir. 2018) (citing *Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 777 (7th Cir. 2001)); *Phillip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961); *Harvey Aluminum, Inc. v. Am. Cyanamid Co.*, 203 F.2d 105, 108 (2d Cir. 1953).[1] Rule 41 provides a mechanism to dismiss an "action" and not merely a single defendant. *Perry*, 891 F.3d at 958. The Eleventh Circuit, however, noted that "there are multiple ways to dismiss a single claim without dismissing an entire action." *Id.*

Rule 4 provides one such mechanism. Rule 4 states in relevant part: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without

---

[1] The Courts of Appeals are split on this issue. The First, Third, Fifth, Eighth, and Ninth Circuits hold that "Rule 41(a)(1) allows a plaintiff to dismiss without a court order any defendant who has yet to serve an answer or a motion for summary judgment." *Pedrina v. Chun*, 987 F.2d 608, 609 & n.1 (9th Cir. 1993).

prejudice against that defendant." Fed. R. Civ. P. 4(m). Plaintiff's amended complaint was filed on December 3, 2018.[2] More than 90 days have been passed since the filing of the amended complaint, and, despite diligent efforts by the Marshals Service, Defendant Jones has not been served.

Generally, a *pro se* plaintiff, proceeding *in forma pauperis*, is entitled to rely on the Marshals Service to effect service. *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1288 (11th Cir. 2009) (quoting *Fowler v. Jones*, 899 F.2d 1088, 1095 (11th Cir. 1990)). A court generally may not *sua sponte* dismiss a defendant for lack of service unless the court finds that the Marshals Service has made a "reasonable effort" to locate the Defendant. *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010).

Here, the Marshals Service attempted to serve Defendant Jones at least three different ways: (1) by sending service documents to Defendant Jones at his last known place of employment,[3] (2) by securing a waiver of service by sending the documents to Jones' last known address, and (3) by attempting personal service at

---

[2] This is the date stamped on Plaintiff's amended complaint. (Doc. 27 at 23); *see Houston v. Lack*, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 2385 (1988) (Under the "prison mailbox rule," a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing).

[3] When this was returned unexecuted for the stated reason that Defendant Jones no longer was employed by the FDC, the undersigned directed the FDC to provide the last known address of Defendant Jones in confidence to the Marshals Service so that the Marshals Service could locate and serve Defendant Jones. (Doc. 42).

Defendants Jones' last known address. (Docs. 40, 53, 62). The Marshals Service has taken reasonable steps to locate and serve Defendant Jones. Additionally, Plaintiff is seeking to dismiss this action against Defendant Jones. Therefore, dismissing the case with respect to Defendant Jones will not cause Plaintiff any prejudice.

### III.   Conclusion

For the reason set forth above, the undersigned respectfully recommends that:

(1)   Plaintiff's Motion to dismiss the case against Defendant Jones be **GRANTED**, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

(2)   The clerk of court be directed to modify the docket to reflect that the only remaining Defendant is Broderic Roberson.

**SO ORDERED** this 29th day of July, 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**